UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| IDAHO CONSERVATION LEAGUE<br>a not−for−profit organization,<br><br>                    Plaintiff,<br><br>v.<br><br>MAGAR E. MAGAR<br>doing business as<br>SYRINGA MOBILE HOME PARK,<br><br>                    Defendant. | Case No. 3:12-cv-00337-CWD<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

Before the Court is Plaintiff Idaho Conservation League's (ICL) motion for attorney fees and litigation costs, requesting an award of fees in the amount of $90,352.50, and $8,573.08 in expenses. (Dkt. 82.) In its reply brief, ICL requested an additional $3,552.50 in attorney fees for time spent drafting the reply brief and supporting documents. (Dkt. 87.) The parties have fully briefed the motion and the matter is ripe for the Court's consideration.

Having fully reviewed the record herein, the Court finds the facts and legal arguments are adequately presented in the briefs and record. Accordingly, in the interest

**MEMORANDUM DECISION AND ORDER  - 1**

of avoiding delay, and because the Court conclusively finds the decisional process would not be significantly aided by oral argument, the motion will be decided on the record before the Court. Dist. Idaho L. Rule 7.1. For the reasons explained, the Court will grant the motion.

## BACKGROUND

In early June of 2014, the Court entered summary judgment against Magar on the issue of liability under the Clean Water Act ("CWA"). (Dkt. 51.) In particular, the Court held that Magar, doing business as the Syringa Mobile Home Park, violated 33 U.S.C. § 1311(a) by discharging wastewater from Syringa's sewage treatment lagoons into the South Fork Palouse River without the required permit. On February 13, 2015, the Court entered final judgment in this CWA citizen suit in favor of ICL. The Court's final judgment ordered Magar to pay a substantial civil penalty of $100,000.00 by March 1, 2015. (Dkt. 81 at 2.)

Over the course of the litigation, ICL represents that the below listed attorneys and law clerks spent 499.1 hours achieving the results in this litigation. ICL provided a summary of the time spent, which included:

- 10.9 hours drafting ICL's mandatory pre-suit notice letter;

- 12.1 hours drafting ICL's complaint;

- 6.4 hours briefing ICL's opposition to Magar's $1,000 offer of judgment (Dkt. 6);

- 13.3 hours briefing ICL's opposition to Magar's unsuccessful motion to file a third-party complaint against the United States Environmental Protection Agency (Dkt. 26);

MEMORANDUM DECISION AND ORDER  - 2

- 74.9 hours drafting ICL's successful motion for summary judgment, including the accompanying memorandum; statement of material fact; declarations; and the selection and compilation of 27 supporting exhibits.(Dkt. 35–42);

- 12.9 hours drafting ICL's reply in support of its successful motion for summary judgment (Dkt. 46);

- 4.3 hours drafting ICL's response to Magar's unsuccessful motion for an indefinite stay (Dkt. 49);

- 48.5 hours drafting ICL's brief on remedies, including supporting declaration and compilation of 13 supporting exhibits (Dkt. 52–59);

- 5 hours drafting ICL's request to file reply brief on the issue of remedies, and 18.6 hours drafting ICL's reply (including supporting declarations and exhibits) (Dkt. 64, 66);

- 2.8 hours drafting ICL's supplement to the record (Dkt. 73);

- 20.7 hours drafting ICL's proposed injunction (Dkt. 79);

- 27.4 hours preparing the instant fee petition and accompanying declarations; and

- 20.3 hours preparing a reply in support of the fee petition, with accompanying supplemental declarations.

The below chart provides a more complete summary of the time spent by timekeeper, and the corresponding hourly rates.

**MEMORANDUM DECISION AND ORDER - 3**

| Timekeeper | Time | Rate | Total Fees |
|---|---|---|---|
| David Bricklin | 19.7 | $300.00 | $5,910.00 |
| Rick Eichstaedt | 84.46 | $250.00 | $21,100.00 |
| Bryan Telegin | 344.7 | $175.00 | $60,332.50 |
| Claudia Newman | 2 | $275.00 | $550.00 |
| Law Clerks/Students | 32.8 | $75.00 | $2,460.00 |
| Bryan Telegin Supplemental | 20.3 | $175.00 | $3,552.50 |
| | **499.1** | | **$93,905.00** |

The litigation costs include also the following expenses requested pursuant to Section 505(d) of the CWA. 33 U.S.C. § 1365(d).[1] First, $815.00 in expert witness fees is requested for the assistance of David Stasney, a geologist and hydrogeologist. ICL relied upon Mr. Stasney's report in support of its brief on remedies. (Dkt. 53-1.) Second, $5,250.00 in expert witness fees is requested for the assistance of Jonathan Shefftz, an economist experienced in the application of financial economics to litigation disputes, regulatory enforcement, and public policy. Mr. Shefftz provided detailed analysis of Mr. Magar's economic benefit of noncompliance, which the Court cited and relied upon in its Memorandum Decision and Order on Remedies. (Dkt. 80 at 11, n. 8.) Finally, ICL requests reimbursement for a total of $2,508.08 in out-of-pocket costs, which represents various filing fees, travel expenses, copying costs, and court reporter fees. (Dkt. 82-2.)

---

[1] Section 505(d) permits the court to award "costs of litigation (including reasonable attorney and expert witness fees)…." 33 U.S.C. § 1365(d).

**MEMORANDUM DECISION AND ORDER  - 4**

## DISPOSITION

Section 505(d) of the Clean Water Act allows the Court to "award costs of litigation . . . to any prevailing or substantially prevailing party, whenever the court determines such award is appropriate." 33 U.S.C. § 1365(d). Thus, "to award attorney's fees under [Section 505(d)], a district court must make two findings. First, it must find that the fee applicant is a prevailing or substantially prevailing party. Second, it must find that an award of attorney fees is appropriate," or reasonable. *Saint John's Organic Farm v. Gem County Mosquito Abatement Dist.*, 574 F.3d 1054, 1058 (9th Cir. 2009) (internal quotations omitted). Here, Magar does not dispute that ICL prevailed.

The United States court of Appeals for the Ninth Circuit has adopted a two-part test for calculating a reasonable attorney fee award. *See Cunningham v. County of Los Angeles*, 879 F.2d 481, 484 (9th Cir. 1988). First, the Court calculates the "lodestar" by multiplying the number of hours reasonably expended by a reasonable hourly rate. *Id.* (citing *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)). Next, the Court may exercise its discretion and "increase or reduce the presumptively reasonable lodestar fee" to account for additional factors. *Id.*[2] But, the plaintiff's degree of success is the most important factor in determining the reasonableness of the award. "Where a plaintiff has obtained excellent results, his attorney should recover a fully compensatory fee. Normally, this

---

[2]  These factors are listed in *Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67 (9th Cir. 1975), and include "(1) the time and labor required, (2) the novelty and difficulty of the questions involved, (3) the skill requisite to perform the legal service properly, (4) the preclusion of other employment by the attorney due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or the circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation, and ability of the attorneys, (10) the 'undesirability' of the case, (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases." *Kerr*, 526 F.2d at 69.

MEMORANDUM DECISION AND ORDER  - 5

will encompass all hours reasonably expended on the litigation, and indeed in some cases of exceptional success an enhanced award may be justified. . . . The result is what matters." *Hensley*, 461 U.S. at 435. *See also Farrar v. Hobby*, 506 U.S. 103, 114 (1992) (holding that "'the most critical factor' in determining the reasonableness of a fee award 'is the degree of success obtained'") (quoting *Hensley*, 461 U.S. at 436).

Magar's objection to ICL's attorney fee motion is that the time spent was generally excessive. Magar challenges also the time spent on internal conferences and the time spent by legal interns and law students. Notably, Magar does not challenge the hourly rates or ICL's litigation costs. ICL in its reply provided a color coded chart corresponding to the components of ICL's fee motion Magar challenges.

The reasonableness inquiry is controlled by the overriding consideration of whether the attorney's hours were "necessary" under the circumstances. Here, ICL achieved substantial success in a case of public importance. The public benefit, both to stream users and to the residents of the Syringa Mobile Home Park, cannot be overlooked. Further, while Magar characterizes the time spent as excessive, to the Court, it appears counsel was simply thorough. *Moreno v. City of Sacramento*, 534 F.3d 1106, 1112 (9th Cir. 2008) ("By and large, the court should defer to the winning lawyer's professional judgment as to how much time he was required to spend on the case; after all, he won, and might not have, had he been more of a slacker."). Finally, the Court finds counsel exercised appropriate billing judgment by not including some fees, but that overall, the time spent was not duplicative, unnecessary, or imprudent.

**MEMORANDUM DECISION AND ORDER - 6**

Magar's objection, grounded upon his argument that ICL essentially achieved a default judgment in a case feebly opposed by an elderly man losing his faculties, is unfounded. Based upon the affidavit of counsel and the summary provided, as well as the Court's familiarity with the pleadings, procedural history, and contested motions in this case, the Court finds to the contrary. ICL employed experts to assist in its prosecution of this case, which in turn assisted the Court in fashioning a remedy. There were several contested motions, and contrary to Magar's assertion, he appeared early in the case, choosing to defend himself pro se. Magar chose to file a motion seeking to file a third party complaint, which was opposed by ICL. Magar filed an opposition to ICL's motion for summary judgment, and then sought to stay the proceedings, necessitating a response from ICL. Finally, the remedies portion of this case was complex and difficult, requiring a hearing to assist the Court. And, while there were conferences between the attorneys staffing the case, the Court does not find the attorneys billed for an excessive amount of conference time given the division of labor apparent from the time entries.

Upon review of the individual time entries, especially Mr. Telegin's time, the Court cannot say the time spent was excessive. ICL is therefore entitled to a fully compensable fee.

**MEMORANDUM DECISION AND ORDER  - 7**

## CONCLUSION

Based upon the above analysis, the Court will award attorney fees in the amount of $93,905.00, and litigation expenses in the amount of $6,730.85. The applicable post-judgment interest rate is .39 percent per annum.[3]

## ORDER

**NOW THEREFORE IT IS HEREBY ORDERED:**

1)      Plaintiff's Motion for Attorney's Fees and Costs (Dkt. 82) is **GRANTED**.

2)      Plaintiff is awarded $93,905.00 in attorney fees and $6,730.85 in non-taxable litigation expenses pursuant to 33 U.S.C. § 1365(d).

3)      The foregoing amounts shall be paid with interest at the rate of .39 percent per annum from the date of this Order.

Dated: **September 17, 2015**

Honorable Candy W. Dale
United States Magistrate Judge

---

[3] Bd. of Govs. of the Fed. Res. Sys., September 11, 2015, Selected Interest Rates (Weekly) – H.15, available at http://www.federalreserve.gov/releases/h15/.